972 F.2d 347
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Paul D. GIBBS, Plaintiff-Appellant,
v.
John JABE; Jerry Hofbauer, M. Foresman; William Hawkins,
Randy Kruger; Charles Ingram, Sergeant; Judy
Cotton; Anthony Stewart, Defendants-Appellees.
 No. 91-2418.
 United States Court of Appeals, Sixth Circuit.
 April 1, 1992.
 
 Before NATHANIEL R. JONES, RALPH B. GUY, Jr. and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Paul D. Gibbs, a Michigan prisoner proceeding without benefit of counsel, has moved for a rehearing en banc of this court's order of March 2, 1992, denying his motion for leave to proceed in forma pauperis on appeal.
 
 
 2
 Seeking $70,000 per defendant, Gibbs brought suit pursuant to 42 U.S.C. § 1983 alleging that employees of the State Prison of Southeastern Michigan violated his Eighth Amendment right to be free from cruel and unusual punishment by being deliberately indifferent to his safety when he was removed from administrative segregation and returned to the prison's general population, and that defendants violated his right to procedural due process when they refused to grant a hearing prior to his transfer to general population.
 
 
 3
 The case was submitted to a magistrate judge who recommended that Gibbs's complaint be dismissed. The district court adopted and accepted the magistrate judge's report and recommendation as the opinion of the court over Gibbs's numerous objections, and granted defendants' motion for summary judgment.
 
 
 4
 Gibbs subsequently sought leave to proceed in forma pauperis on appeal to this court. A single judge of this court denied that request on March 2, 1992. Gibbs was further advised that the failure to pay the filing fee within fourteen days after the entry of that order would result in dismissal of his appeal for failure to prosecute. Gibbs then filed a petition for rehearing en banc of that order.
 
 
 5
 Orders of this court which are not final judgments are not subject to en banc review. Fed.R.App.P. 35 and 40(a). Accordingly, the court has construed the petition for rehearing en banc as a motion to reconsider by a panel of the court. Review of the record indicates that the motion for leave to proceed in forma pauperis on appeal was properly denied. Moreover, the court notes that Gibbs failed to pay the requisite filing fee within fourteen days of the entry of the order of March 2, 1992.
 
 
 6
 Accordingly, it is ORDERED that the appeal is hereby dismissed for failure to prosecute. Rule 8(a), Rules of the Sixth Circuit.